## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Logistics Systems Incorporated<br>1100 G Street, NW<br>Suite 410<br>Washington, DC 20005<br><br>            Plaintiff,<br><br>v.<br><br>Khary Lewis<br>**Serve:** 2675 Paces Ferry Road<br>        Suite 450<br>        Atlanta, GA 30339<br><br>            Defendant | Case No. _____ |

## VERIFIED COMPLAINT

COMES NOW Plaintiff, Logistics Systems Incorporated ("LSI"), by and through counsel, and hereby submits its Complaint against Defendant Khary Lewis ("Mr. Lewis") as follows:

### PARTIES AND JURISDICTION

1. Plaintiff LSI is a corporation incorporated in the Commonwealth of Virginia, with its principal place of business in the District of Columbia.

2. Defendant is a resident of the State of Georgia.

3. This Court has personal jurisdiction over Defendant because he actively transacted business with LSI within the District of Columbia including, but not limited to, entering into the subject guaranty agreement.

4. Original jurisdiction is proper in this Court under the provisions of 28 U.S.C. §1332 in that there is complete diversity of citizenship among the parties and the amount in dispute is in excess of $75,000.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §1391 in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

1. In 2015, LSI and Infinite Services & Solutions, Inc. ("ISS") entered into several subcontract agreements for services to fulfil ISS's obligations under certain Indefinite Delivery Indefinite Quality (IDIQ) contracts with the federal government.

2. These subcontracts included, W9133L-15-C-0032/LSI (and all task orders related thereto), HTS01-15-F-AMT002/LSI (and all task orders related thereto), W9133L-15-C-0050/LSI (and all task orders related thereto).

3. At the time of filing, ISS was delinquent in the collective amount for services provided under the three contracts in the amount of $866,461.91.

4. LSI has provided ISS multiple notices regarding the debt as well as opportunities to make payment without judicial intervention; however, each time ISS has agreed to pay the debt by a date certain and then fails to make the required payment.

5. On or about April 5, 2016, in order to obtain more time to make the payments for ISS and delay LSI from filing suit against ISS, Mr. Khary Lewis, the sole shareholder of ISS, agreed to personally guarantee the payment of the delinquent invoices.  The Guaranty agreement (the "Guaranty Agreement") is attached hereto as Exhibit 1 and is herein fully incorporated by reference.

6. ISS and Mr. Lewis have yet to make the delinquent payments and, therefore, LSI brings this action to collect delinquent payments through the Guaranty Agreement.

## **BREACH OF CONTRACT**

7. LSI realleges and incorporates by reference Paragraphs 1-6, inclusive, as though fully set forth herein.

8. On April 5, 2016, LSI and Mr. Lewis entered in to the Guaranty Agreement.

9. The Guaranty Agreement provides, *inter alia,* that Mr. Lewis:

> hereby absolutely and unconditionally guarantees the full, due and prompt payment by [ISS] of all invoices, obligations and indebtedness of [ISS] under subcontracts now existing or hereafter issued (including, without limitation, interest and attorney's fees)

Exhibit 1 (parenthetical in original).

10. At the time of filing, ISS was delinquent in the amount of $866,461.91.

11. As a result of these delinquency, ISS has breach each of the subcontracts by failing to make timely payment under each agreement.

12. Likewise, Mr. Lewis has breached the Guaranty Agreement and defaulted by not timely paying the amount of the delinquent invoices.

13. LSI has sustained damages directly and proximately caused by Mr. Lewis's breach of the Guaranty Agreement.

14. Under the terms of the Guaranty Agreement, LSI may proceed against Mr. Lewis without first proceeding against ISS.

15. The balance of the invoices plus interest and attorneys' fees is now outstanding and due and owing to LSI.

WHEREFORE, Plaintiff LSI Prays that this Court grant judgment in its favor (1) in the amount of $866,461.91 or such amount as may be determined at trial, with prejudgment and post judgment interest, (2) award Plaintiff attorneys' fees and costs in bringing this action pursuant to the terms of the Guaranty Agreement, and (3) for such further relief as is just and appropriate.

**PLAINTIFF HEREBY WAIVES ITS RIGHT TO A JURY TRIAL**

August 31, 2017　　　　　　　　Respectfully submitted,

**BAKER, CRONOGUE, TOLLE & WERFEL, LLP**

　　　　　　/s/
Ian Cronogue, Esq. (DC Bar: 1018169)
John R. Tolle, Esq (DC Bar: 311282)
1320 Old Chain Bridge Road
Suite 200
McLean, Virginia 22314
703.448.1810, Ext. 22
iancronogue@bbttlaw.com

*Counsel for Plaintiff, Logistics Systems Incorporated*